IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

UNITED STATES OF AMERICA

V. CRIMINAL ACTION NO. 3:14-cr-91-DCB-LGI-1

BOOKER TARVIN DEFENDANT

MEMORANDUM OPINION AND ORDER

BEFORE THE COURT is Booker Tarvin (Defendant)'s Amended Motion to Reconsider Order Denying Sentence Reduction Under Sentencing Guidelines Amendment 821 – Part A (the "Motion"). [ECF No. 123]. The Government filed a Response [ECF No. 126] on December 19, 2023, and Defendant filed a Reply [ECF No. 127] on December 20, 2023. The Court, having examined the submissions of the parties, the record, the applicable legal authority, and being fully informed in the premises, finds that the Motion [ECF No. 431] should be denied.

I. Factual Background

Defendant's current term of incarceration results from three convictions: conspiracy to possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846,[1]

[1] Defendant originally pleaded guilty to the charge in the Western District of Tennessee and was sentenced to 78 months imprisonment followed by four years supervised release in November 2002. [ECF No. 126] at 1. His supervision was transferred to the Southern District of Mississippi [United States v. Tarvin, No. 3:12-cr-83-CWR-LGI-1, ECF No. 1] on July 13, 2012. The Court subsequently revoked Defendant's supervision for violations of parole conditions, which included an arrest for distribution of a controlled substance, and ordered

conspiracy to commit theft of government funds in violation of 18 U.S.C. § 371,[2] and escape by prisoner in custody of federal institution in violation of 18 U.S.C. § 751(a).[3] This Court reduced the sentence for the 21 U.S.C. § 846 violation from 151 months to 121 months under 18 U.S.C. § 3582(c)(2) because the sentencing range for Defendant's conviction was lowered and made retroactive by the United States Sentencing Commission. [ECF No. 401]. Defendant is currently at FCI Milan and is scheduled for release on February 19, 2024. [ECF No. 126] at 4.

On December 5, 2023, this Court entered an Order [ECF No. 120] denying Defendant's sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Defendant filed the Motion on December 6, 2023, asking the Court to reconsider its Order and lower Defendant's score pursuant to Amendment 821 – Part A. [ECF No. 123] at 5. The Government submits that relief is permissible under the amendment but asks the Court to exercise its discretion in denying the sentence reduction. [ECF No. 126] at 5; 9. In his Reply, Defendant

---

Defendant to serve 30 months imprisonment to run consecutively to this conviction. [Tarvin, No. 3:12-cr-83-CWR-LGI-1, ECF No. 13]. Defendant subsequently pleaded guilty pursuant to a plea agreement in this Court for the second distribution of a controlled substance violation and was sentenced to 151 months imprisonment followed by four years supervised release. [United States v. Tarvin, No. 3:12-CR-88-DCB-FKB-1, ECF Nos. 298 and 378].

[2] Defendant pleaded guilty pursuant to a plea agreement and was sentenced to 40 months imprisonment, 20 to run consecutively and 20 to run concurrently to the term of imprisonment in this matter. [ECF No. 115].

[3] Defendant pleaded guilty and was sentenced to time served running consecutively to the sentence imposed in Tarvin, No. 3:14-cr-91-DCB-LGI-1, followed by three years supervised release. [United States v. Tarvin, No. 2:23-cr-17-KS-MTP-1, ECF No. 40].

urges the Court to consider the factor of "avoiding unwarranted sentencing disparities" pursuant to 18 U.S.C. § 3553(a)6) and 18 U.S.C. § 991(b)(1)(B). [ECF No.127] at 1.

In Part A of Amendment 821, the Sentencing Commission addressed the "status points" provision regarding criminal history. The Amendment, which now appears under Section 4A1.1(e), reads as follows: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." See United States Sentencing Commission, https://www.ussc.gov/guidelines/amendment/821 (Nov. 1, 2023). The amendment was made retroactive, but a court may not order the release of a defendant to occur prior to February 1, 2024. See USSG § 1B1.10(c)(2) (Nov. 1, 2023).

If Defendant was sentenced today, he would receive six criminal history points (instead of eight) under the amended provision. Defendant's criminal history category would be reduced to III (instead of IV), which reduces the guideline range to 30-37 months.

The Supreme Court addressed the process for the application of a retroactive guideline amendment in Dillon v. United States. 560 U.S. 817 (2010). Under the two-step inquiry in Dillon, the

district court must (1) determine the defendant's eligibility for sentence modification and determine what amended guideline range would have been applicable to the defendant; and (2) consider any applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in whole or in part under the particular circumstances. Id. at 827. In general, a court may not reduce a defendant's sentence "to a term that is less than the minimum of the amended guideline range." United States v. Garcia, 655 F.3d 426, 430 (5th Cir. 2011) (quoting § 1B1.10(b)(2)(A)).

Under the first step of Dillon, Defendant is eligible for a reduction. Defendant's guideline range is reduced to 30-37 months. In evaluating the 18 U.S.C. § 3553(a) factors,[4] Defendant, who is 47 years old, has been convicted of conspiracy to possess with intent to distribute (2002 and 2012), conspiracy to commit theft

[4] These factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed to afford adequate deterrence to criminal conduct;
(3) the need for the sentence imposed to protect the public from further crimes of the defendant;
(4) the need for the sentence imposed to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;
(5) the kinds of sentence and the sentencing range for the category of offense and category of defendant and whether the terms of supervised release were violated;
(6) the pertinent policy statements by the Sentencing Commission;
(7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(8) the need to provide restitution to any victims of the offense.

See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

of government funds (2014), and escape by prisoner in custody of federal institution (2023).

In consideration of the nature and circumstances of the offense, the Court notes that "[t]he victims of the identity theft were unusually vulnerable to the identity theft, because of mental disability or because they were incarcerated at the time of the offense. . . ." [ECF No. 101] at 15. These circumstances indicate that Defendant is presently incarcerated for a serious offense.

In consideration of the need for the sentence imposed, the Court notes that Defendant has a prior history of similar drug offenses in the Western District of Tennessee. Defendant also participated in a conspiracy to commit theft of government funds that impacted at least 13 victims. [ECF No. 101] at 4-5. Finally, Defendant was convicted in a recent felony prosecution for escaping from a federal correctional institution while serving his sentence. See Tarvin, No. 2:23-CR-17-KS-MTP-1, ECF No. 40. Thus, a review of the record confirms that Defendant's sentence is appropriate in consideration of the interest in deterrence and the protection of the public.

The Court recognizes the need for a court to avoid sentencing disparities as cited by Defendant. [ECF No. 123] at 4-5; [ECF No. 127] at 1; see also 18 U.S.C. §3553(a)(6). "[T]his disparity factor requires the district court to avoid [] unwarranted disparities

between similarly situated defendants nationwide. . . .” United States v. Guillermo Balleza, 613 F.3d 432, 435 (5th Cir. 2010) (citing United States v. Candia, 454 F.3d 468, 476 (5th Cir. 2006)). But in consideration of the other section 3553(a) factors, including the nature and circumstances of the offense and the need for the sentence imposed, the Court finds that Defendant is not entitled to further reduction. Defendant’s original sentence of 40 months is appropriate.

Accordingly, IT IS HEREBY ORDERED that Defendant’s Motion [ECF No. 123] is DENIED.

SO ORDERED, this 24th day of January, 2024.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE